# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

CEBRIN HILL,

               Petitioner,

        v.                                            15-CR-140-A
                                                   17-CV-044-A

UNITED STATES OF AMERICA,               **DECISION AND ORDER**

               Respondent.

_____

Petitioner Cebrin Hill seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, Petitioner's motion is denied.

## BACKGROUND

On August 3, 2015, Petitioner waived indictment and pled guilty to a one-count information charging him with discharging a firearm in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and § 2. Several months later, the Court sentenced Petitioner to the mandatory-minimum sentence of 120 months' imprisonment. Judgment was entered on February 3, 2016. Petitioner did not file a notice of appeal.

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 41. Petitioner raises a number of arguments in support of his motion, most of which allege that Petitioner's attorney was constitutionally ineffective for failing to challenge the factual basis for Petitioner's plea and for failing to seek relief based on Petitioner's age when he committed his crime.

1

## DISCUSSION

**1. The plea agreement's collateral-attack waiver bars the majority of Petitioner's claims**

In his plea agreement, Petitioner "knowingly waive[d] the right to . . . collaterally attack any component of a sentence imposed by the Court which falls within or is less than" the Guideline sentencing range of 120 months' imprisonment. As noted, the Court sentenced Petitioner to 120 months' imprisonment. Petitioner's § 2255 motion therefore falls within the plea agreement's collateral-attack waiver.

A collateral-attack waiver is "'presumpti[vely] . . . enforceabl[e]." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d. Cir 2000)) (brackets omitted). A court may disregard a collateral-attack waiver in only a few narrow circumstances, "'such as (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the [petitioner's] sentence, thus amounting to an abdication of the judicial responsibility subject to mandamus.'" *Id.* Moreover, it is well settled that, "[e]ven if the plain language of the plea agreement" prohibits a collateral attack, a court should "not enforce . . . a waiver" when a petitioner "is challenging the constitutionality of the process by which he waived" his collateral-attack rights. *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (addressing waiver of appellate rights). *See also id.* at 114 ("The rationale is that the very product of the alleged ineffectiveness cannot fairly be used to bar a claim of ineffective assistance of counsel.") (quotation marks omitted).

Petitioner's pleadings, read in a charitable light, raise two arguments for why the Court should disregard the plea agreement's collateral-attack waiver: (1) because Petitioner did not knowingly and voluntarily enter into his plea agreement; and (2) because Petitioner did not receive effective assistance of counsel when he decided to plead guilty.

### A. Petitioner's guilty plea was knowing and voluntary

The transcript of Petitioner's plea hearing plainly shows that Petitioner's plea was knowing and voluntary.[1] During his plea hearing, Petitioner affirmed, under oath, that he was "fully satisfied with the advice and counsel [he] received from [his] attorney." He also stated, among other things, that he understood the maximum penalties he faced, as well as the U.S. Sentencing Guidelines; that he understood the elements of the crime to which he was pleading guilty; that he understood the detailed factual basis underlying his plea; that he waived "any defense based on the [s]tatute of [l]imitations"; that the plea agreement—which was read in open court—contained "all the terms and conditions of the plea agreement"; and that nobody had "made any other promises" or threatened him to plead guilty. Finally, Petitioner stated repeatedly that he understood the many rights he was giving up by pleading guilty, including his right to appeal or collaterally attack his conviction.

This record undermines any claim that Petitioner's plea was not knowing and voluntary. *Cf. United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea.") Petitioner's conclusory allegations to the contrary

---

[1] All quotations from Petitioner's plea hearing are taken from the transcript that has been filed at Docket Number 43.

are insufficient to rebut his sworn statements made during the "grave and solemn act" of pleading guilty. *United States v. Hyde*, 520 U.S. 670, 677 (1997). Indeed, if Petitioner's "plea can be attacked by assertions that it was coerced and that his counsel was ineffective despite the evidence to the contrary in the plea hearing transcript, then no guilty plea will ever be safe from attack by a [petitioner] who has second thoughts." *Browder v. United States*, 14-CV-17(LJV), 10-CR-263(LJV), 2017 WL 262604, at *7 (W.D.N.Y. Jan. 20, 2017).

Thus, the record does not support the claim that Petitioner's plea was not knowing and voluntary. As a result, the Court will not disregard the plea agreement's collateral-attack waiver on that basis.

### B. Petitioner has not shown that his decision to enter into the plea agreement was the result of ineffective assistance of counsel

The Court next addresses whether the plea agreement's collateral attack waiver is unenforceable because Petitioner received ineffective assistance of counsel when he decided to plead guilty.

The Second Circuit has "reject[ed] the notion that" a collateral-attack waiver "becomes unenforceable simply because a [petitioner] claims ineffective of counsel." *Monzon*, 359 F.3d at 118 (citation omitted) (addressing appellate waiver). Instead, a collateral-attack waiver is unenforceable "if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel [is] meritorious." *Id.* at 118-19. *See also United States v. Lewis*, --- F. App'x ---, 2017 WL 6418901, at *2 (2d Cir. 2017) ("An appeal waiver does not become unenforceable simply because a defendant brings a claim of ineffective assistance of counsel; [a petitioner] can only prevail . . . if the record . . . indicates that his claim of ineffective assistance is

4

meritorious.") Petitioner must therefore "show that the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (citation and quotation marks omitted) (addressing appellate waiver).

This inquiry does not look to the entire course of an attorney's representation. It instead asks whether any ineffective assistance a petitioner received affected "the plea agreement *process*." *Id.* (emphasis added). For example, a petitioner does not challenge the "process by which he agreed to plead guilty" when he argues that his attorney was ineffective for failing to seek pre-trial dismissal. *Id.* (holding that ineffective-assistance claim based on failure to seek dismissal for alleged violations of the Speedy Trial Act concerned "pre-plea events rather than the plea agreement process").

Nor may a petitioner rely on the theory that "an effective lawyer would have changed [the petitioner's] strategic bargaining position pre-plea." *Id.* Rather, if a petitioner relies on a pre-plea ineffective-assistance-of-counsel claim to overcome a collateral-attack waiver, he must "challeng[e] the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the [petitioner's] plea decision with the attorney's conduct." *Id.* at 138-39 (emphasis in original). In other words, merely "challenging the attorney's role in shaping the [petitioner's] bargaining position" is insufficient to overcome a collateral-attack waiver. *Id.* at 138. This is because "[e]verything that occurs prior to a guilty plea or entry into a plea agreement informs the [petitioner's] decision to accept or reject the agreement," and if "a purported failure to enhance the [petitioner's] case were sufficient by itself to overcome an appeal waiver,"

5

collateral-attack waivers would often be meaningless: "many ineffective assistance claims would be cognizable despite the guilty plea and notwithstanding the waiver." *Id.* at 139.

Petitioner's allegations of ineffective assistance do not meet this standard. Instead, Petitioner points to examples of alleged ineffectiveness that have no apparent connection to the process by which he decided to plead guilty. For instance, he alleges that his attorney "failed to object to the timing of the indictment." Docket No. 41 at 10. Moreover, Petitioner argues, his attorney "did not challenge the government's charges from the onset, since they were speculative and inadequate as a matter of law." *Id.* In addition, Petitioner alleges that his attorney "chose not to ask for a transfer hearing as provided by [the Federal Juvenile Delinquency Act]" and "chose not to move to dismiss the indictment since it had inflicted fatal prejudice upon the defense, . . . by being 10 years stale." *Id.*

None of these alleged deficiencies has any apparent relationship to "the knowing and voluntary nature of the [petitioner's] plea decision." *Parisi v*, 529 F.3d at 138-39. They instead amount to nothing more than claims of ineffectiveness in the run-up to Petitioner's decision to plead guilty. And to the extent that some of Petitioner's allegations *might* relate to his decision to plead guilty, *see* Docket No. 41 at 14, "the record" does not even suggest—much less show—that Petitioner's "ineffective assistance of counsel [claims] [are] meritorious." *Monzon*, 359 F.3d at 118-19. To the contrary, Petitioner's claims are flatly contradicted by his sworn statements at his plea hearing. As noted, at that hearing Petitioner affirmed, among other things, that he was "fully satisfied" with his attorney's advice, he affirmed that he understood the plea agreement's factual basis, and he affirmed that he understood the elements of the crime to which he pled guilty. In other

6

words, Petitioner's claims of ineffective assistance of counsel "are contradicted by [his] sworn statements at his plea allocution, which . . . carry a strong presumption of verity and constitute a formidable barrier in any subsequent collateral proceeding." *Brown v. United States*, 637 F. Supp. 2d 212, 222 (S.D.N.Y. 2009) (quotation marks omitted).

Thus, Petitioner has not shown that his plea agreement's collateral-attack waiver resulted from ineffective assistance of counsel. As a result, the collateral-attack waiver is fully enforceable, and it precludes Petitioner from proceeding with his § 2255 motion.

### 2. Petitioner's actual innocence claim is without merit

Lastly, Petitioner alleges that he is actually innocent of the crime to which he plead guilty. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" when his habeas claim is otherwise subject to dismissal by reason of "expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Court assumes for purposes of this decision that a federal habeas petitioner may invoke actual innocence to overcome an otherwise enforceable collateral-attack waiver. *Cf. Rivas v. Fischer*, 687 F.3d 514, 517-18 (2d Cir. 2012) (observing that "[t]he Supreme Court has recognized that a 'credible' and 'compelling' claim of actual innocence may provide a 'gateway' through other procedural barriers to habeas relief," and holding that a credible claim of actual innocence "warrants an equitable exception to AEDPA's limitation period"). The Court also assumes that a petitioner who was convicted as a result of a guilty plea, rather than at trial, may raise a claim of actual innocence.

The actual innocence exception is "demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quotation marks omitted). Thus, a petitioner invoking actual innocence must make a claim that is "both credible and

7

compelling." *Rivas*, 687 F.3d at 541. An actual innocence claim is "credible" when it is "supported by 'new reliable evidence . . . that was not presented at trial.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). And an actual innocence claim is "compelling" where it is "'more likely than not [that], in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.'" *Id.* (citing *House*, 547 U.S. at 538).

Petitioner has not satisfied either requirement of the actual innocence exception: he identifies no "new evidence" supporting his claim, and he is therefore unable to show that it is "more likely than not" that "no reasonable juror would find him guilty beyond a reasonable doubt." *Id.* Thus, Petitioner may not rely on a claim of actual innocence to overcome the collateral-attack waiver in his plea agreement.

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 petition (Docket No. 41) is denied. Pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 17-CV-044-A.

**SO ORDERED.**


Dated: February 21, 2018                            _s/Richard J. Arcara_
      Buffalo, New York                     HONORABLE RICHARD J. ARCARA
                                                     UNITED STATES DISTRICT JUDGE